UNITED STATES v. FONG SEN.

(District Court, E. D. New York. June 5, 1913.)

1. ALIENS (§ 27*)—DEPORTATION—MERCHANT CERTIFICATE—CONCLUSIVENESS.
    Though Act Cong. May 6, 1882, c. 126, § 6, 22 Stat. 60 (U. S. Comp.
    St. 1901, p. 1307), authorizes the United States to controvert a merchant certificate under which a Chinese person claimed a right to enter
    the United States, and hence may offer proof collaterally to contradict
    the determination of the immigration authorities that the alien was entitled to land when admitted into the country, proof that he had been
    in the United States 16 years, was qualified as a merchant when he arrived, and that since that time he had been working as a laundryman,
    was sufficient to show the correctness of the action of the immigration
    authorities in admitting him.
    [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 85–87; Dec. Dig.
    § 27.*]

2. ALIENS (§ 32*)—CHINESE PERSONS—MERCHANTS—RIGHT TO ENTER—BURDEN OF PROOF.
    Where a Chinese person claims the right to remain in the United
    States pursuant to a merchant certificate, the burden is on him to prove
    his proper admission and his status as a merchant.
    [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95;
    Dec. Dig. § 32.*]

Deportation proceedings by the United States against Fong Sen.
Order vacated, and alien discharged.

William J. Youngs, U. S. Atty., of Brooklyn, N. Y. (Reuben Wilson, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United
States.

Robert M. Moore, of New York City, for defendant.

CHATFIELD, District Judge. [1] Although under the provisions
of section 6 of the act of May 6, 1882 (22 Stat. 60, c. 126 [U. S.
Comp. St. 1901, p. 1307]), the United States may controvert the evidence of a merchant certificate, and hence may offer proof collaterally
to contradict the determination by the immigration authorities that
the Chinaman was entitled to land when admitted into the country,
the evidence in the present case does not show that the action of the
immigration authorities in admitting Fong Sen was not correct, nor
is there any reason to suppose that he was not so admitted.

[2] The burden was on Fong Sen to prove his proper admission
and his status as a merchant. This has been done. He has been in the
United States 16 years, appears to have been qualified as a merchant
at the time of his arrival, and should not be deported. The record
before the commissioner made a prima facie case upon which the order of deportation was properly entered; but, upon appeal, the failure of the defendant to present testimony has been explained, and
satisfactory evidence, including that of two white witnesses, has been
given.

The only evidence against the defendant is his statement, made at
the time of his arrest, to the effect that he came from Hawana (which

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was understood to be Havana, Cuba, but now appears to be a section of Hong Kong), and his admission that he was a farmer up to the time he went to Hong Kong to obtain his merchant certificate. Since his arrival in the United States he has been working as a laundry-man, but was also qualified as a merchant for several years.

It cannot be held that there is doubt of his actual intent to engage in mercantile life, and of his coming to the United States in that capacity. The order of deportation will be vacated, and the defendant discharged.